ALBERT E. SAVAGE, RESPONDENT, v. EDWARD STOVER, APPELLANT.

Submitted July 3, 1914—Decided November 6, 1914.

1. Defendant, an attorney-at-law, wrote a letter to another attorney in connection with claims in his charge against a corporation of which plaintiff was president, and which letter contained language libeling the plaintiff. *Held,* that such language was not privileged, it appearing that it was not pertinent to the subject-matter of the claims and was not evoked by any inquiry of the other attorney.

2. The language considered and held capable, notwithstanding privilege, of supporting a finding of express malice.

3. The relations of an individual with a corporation, however intimate, will not suffice in law to merge the two together so as to create a privilege as to the individual in discussing the affairs of the corporation.

4. Where the libelous language relates to habitual conduct of the plaintiff, the court may in its discretion exclude evidence as to instances of such conduct considered too remote in point of time.

On appeal from the District Court.

Before Justices SWAYZE, PARKER and KALISCH.

For the appellant, *John D. Pierson.*

For the respondent, *Charles H. Burtis.*

The opinion of the court was delivered by

PARKER, J. This is a libel suit coming up from the District Court of Hoboken. The plaintiff is the president and as claimed the virtual owner of a bread-baking concern, and the defendant is an attorney-at-law who had two claims against the corporation on behalf of former employes who had deposited $100 each as security for the faithful performance of their duties, and after their dismissal or resignation were able to get only part of it back. The corporation was represented by the counsel for the present plaintiff and the libel consisted in a letter written by the defendant, Stover, in which, among other things, he spoke of the plaintiff, Savage, as follows: After declining to make a settlement in the two cases he went on to say this: "Your client is one of the most cold-blooded of men I have ever met. Not only did I see his actions in the Townsend matter where he provoked an assault and battery, but he sent me a very insulting letter when I wrote him in a friendly way in spite of the fact that my folks bought his bread. I have a good mind to tell my folks to discontinue buying his bread. He treats his men laborers like dogs. Not only does this contract exemplify that, but I have heard tales from drivers and from men close to you and him how he insults and squeezes them. Personally, if I were you, I would not lend myself to do the work of that fellow Savage. How can he expect to build up a business on the reputation he is getting throughout the county? I would ship him long ago were he my client. I would not want his reputation to redound on my shoulders. Kindly let me know at once whether you will try or settle it. Yours truly, Edward Stover."

This was sent to Mr. Burtis in the usual course. The case was tried by a judge without a jury and he found a verdict for $75 damages and costs, which is the judgment now complained of.

It is now claimed that the court should have entered a nonsuit or directed a verdict (there was no jury) on several grounds, the principal of which is that the letter was privileged. No doubt it was privileged as to what it said about

Savage in connection with the two cases that were then pending, but it is very far from confining itself to those matters. It is rather a general personal admonition from one attorney to another that the client of the latter is not fit to be regarded as a client and ought to be sent about his business.

This was clearly outside the scope of the business under discussion between the two attorneys, and raised the question whether the letter was privileged as to such surplus matter. The authorities appear to be in some conflict on this point. 25 *Cyc.* 386, 387. In *Fahr* v. *Hayes*, 50 *N. J. L.* 275, a slander suit, the defendant, on a privileged occasion, used strong language, but this court held (at *p.* 280) that his motive "did not betray the defendant into any expression beyond what was pertinent to the subject of (the) inquiry, and was honestly believed by the defendant, and therefore was legalized by the privileged occasion and motive." The inference is open that if the language used had been "beyond what was pertinent to the subject of the inquiry," another view of defendant's liability would have been taken.

In the case at bar the language was not spoken, but written; and was not in response to any inquiry, confidential or otherwise, but was manifestly volunteered. Hence, it clearly exceeded the demands of the occasion; and in such case we think the true rule is that such excessive language is not covered by the privilege.

If, however, the rule be otherwise, the judgment below is not necessarily erroneous. The burden of showing privilege is on the defendant, and if he sustains it, the plaintiff may still hold him liable by showing express malice. *Fahr* v. *Hayes, supra.* This might appear from the very language used. *Id.;* 25 *Cyc.* 387. As we read this letter, its very language was evidence justifying the jury, or the court sitting as a jury, in finding the existence of express malice.

The other points made are insignificant.

It is said that the court erred in refusing to admit testimony to show the interest of the plaintiff in the A. E. Savage Baking Company. It was attempted to show that he was the virtual owner of the company and was the whole concern.

The object of the testimony was apparently to rebut evidence of the plaintiff that the two suits of which defendant had charge were not against plaintiff, but against the corporation, and thereby negative any claim of privilege because the libelous communication related to a different individual, to wit, the corporation. The attorney of defendant evidently thought that by showing that Savage was the whole corporation, the privilege could have been made out. We cannot see that this evidence, if allowed, would have been material, because in law there can be no identity as between an individual and a corporation. Consequently, we think there was no error in the exclusion of this evidence.

Next it is said that the court erred in rejecting the testimony of a witness named Heim as to the alleged cruel and outrageous manner in which Savage had treated him some six or eight years before the suit. This was evidently by way of justification. A considerable amount of testimony from several witnesses was taken with regard to the treatment by Savage of employes of concerns that he had been connected with for several years past; the judge ruling out the Heim evidence on the sole ground that it related to a period altogether too remote. We think that no error was committed in this ruling. In matters of this kind some discretion must be left to a trial judge, and we do not think the discretion in the present case was abused. The evidence admitted on this branch of the case was ample to enable the defendant, if he chose, to submit fully what he tried to show, namely, that the libelous matter was justified by the character and the record of the plaintiff.

Finally, it is said that the damages are excessive. This cannot be considered upon this appeal.

The judgment will be affirmed.